UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Case No. 2:17-cv-00067-JRG-RSP

DISPLAY TECHNOLOGIES, LLC,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BLU PRODUCTS, INC. ("BLU") by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the Complaint for Patent Infringement (the "Complaint") filed by Plaintiff, DISPLAY TECHNOLOGIES, LLC ("Display Technologies"). For its Answer and Affirmative Defenses to the Complaint, all allegations of which are denied unless specifically admitted, BLU states as follows:

### ANSWER

### Parties

1.    BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies those allegations.

2.    BLU admits the allegations set forth in Paragraph 2 of the Complaint.

### Jurisdiction and Venue

3.    BLU admits that this purports to be an action under 35 U.S.C. §§ 271(a), 281, and 284-85, but denies that Display Technologies is entitled to any relief requested against BLU

under any theory of recovery. BLU admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies that Display Technologies has suffered any injury or that Display Technologies has otherwise accrued a cause of action.

4. BLU admits, for purposes of this action only, that this Court has personal jurisdiction over it. BLU further admits that it conducts business within this District. BLU denies that it has committed or had induced acts of infringement under any theory in this judicial district or elsewhere in the United States.

5. BLU admits that this Court has specific personal jurisdiction over BLU. BLU denies that this Court has general jurisdiction over BLU. BLU reserves the right to seek a transfer of venue on *forum non conveniens* grounds or pursuant to 28 § U.S.C. 1404. BLU denies that it has committed or is committing acts of infringement under any theory in this judicial district or elsewhere in the United States.

## Count I – Infringement of U.S. Patent No. 9,300,723

6. BLU admits that a copy of the '723 Patent entitled "Enabling Social Interactive Wireless Communications" is attached to the Complaint as Exhibit A.

7. BLU admits the allegations set forth in Paragraph 7 of the Complaint.

8. BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies those allegations.

9. BLU denies the allegations set forth in Paragraph 9 of the Complaint.

10. BLU denies the allegations set forth in Paragraph 10 of the Complaint.

11. BLU denies the allegations set forth in Paragraph 11 of the Complaint.

12. BLU denies the allegations set forth in Paragraph 12 of the Complaint.

13. BLU denies the allegations set forth in Paragraph 13 of the Complaint.

14. BLU denies the allegations set forth in Paragraph 14 of the Complaint.

15. BLU denies the allegations set forth in Paragraph 15 of the Complaint.

16. BLU denies the allegations set forth in Paragraph 16 of the Complaint.

17. BLU denies the allegations set forth in Paragraph 17 of the Complaint.

18. BLU denies the allegations set forth in Paragraph 18 of the Complaint.

19. BLU denies the allegations set forth in Paragraph 19 of the Complaint.

20. BLU denies the allegations set forth in Paragraph 20 of the Complaint.

21. BLU denies the allegations set forth in Paragraph 21 of the Complaint.

22. BLU denies the allegations set forth in Paragraph 22 of the Complaint.

23. BLU denies the allegations set forth in Paragraph 23 of the Complaint.

24. BLU denies the allegations set forth in Paragraph 24 of the Complaint.

25. BLU denies the allegations set forth in Paragraph 25 of the Complaint.

26. BLU denies the allegations set forth in Paragraph 26 of the Complaint.

27. BLU denies the allegations set forth in Paragraph 27 of the Complaint.

28. BLU denies the allegations set forth in Paragraph 28 of the Complaint.

29. BLU denies the allegations set forth in Paragraph 29 of the Complaint.

30. BLU denies the allegations set forth in Paragraph 30 of the Complaint.

31. BLU denies the allegations set forth in Paragraph 31 of the Complaint.

32. BLU denies the allegations set forth in Paragraph 32 of the Complaint.

33. BLU denies the allegations set forth in Paragraph 33 of the Complaint.

34. BLU denies the allegations set forth in Paragraph 34 of the Complaint.

35. BLU denies the allegations set forth in Paragraph 35 of the Complaint.

36. BLU denies the allegations set forth in Paragraph 36 of the Complaint.

37. BLU denies the allegations set forth in Paragraph 37 of the Complaint.

38. BLU denies the allegations set forth in Paragraph 38 of the Complaint.

39. BLU denies the allegations set forth in Paragraph 39 of the Complaint.

40. BLU denies the allegations set forth in Paragraph 40 of the Complaint.

41. BLU denies the allegations set forth in Paragraph 41 of the Complaint.

42. BLU denies the allegations set forth in Paragraph 42 of the Complaint.

43. BLU denies the allegations set forth in Paragraph 43 of the Complaint.

## Prayer for Relief

BLU admits that Display Technologies purports to seek the relief requested from the Court in the "Prayer for Relief" section following Paragraph 43, but denies that Display Technologies is entitled to any relief against BLU under any theory of recovery.

## Demand for Jury Trial

Display Technologies's jury trial demand contains no allegations of fact that need be admitted or denied.

## AFFIRMATIVE DEFENSES

BLU, by way of affirmative defenses, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Display Technologies's claims are barred, in whole or in part, because it fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE

Display Technologies's claims are barred because BLU does not infringe and has not infringed any valid and enforceable claim of the patent-in-suit, either literally, or under the doctrine of equivalents, directly, by active inducement, or by contributing to infringement by others.

## THIRD AFFIRMATIVE DEFENSE

One or more of the claims of the patent-in-suit is invalid for failure to satisfy one or more conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, for example, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Display Technologies's enforcement of the patent-in-suit against BLU is barred, in whole or in part, by the doctrine of prosecution history estoppel by reason of statements, and/or admissions made during the prosecution of the patent-in-suit before the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE

Display Technologies's claims are barred pursuant to the doctrine of patent exhaustion. Furthermore, Display Technologies has received full compensation for the allegedly infringing

products or sub-components of any allegedly infringing products that are supplied, directly or indirectly, to BLU by an entity or entities that may have a license to the patent-in-suit. By reason of the foregoing, Display Technologies is barred from asserting its claims for patent infringement against products used, sold, or offered for sale by BLU.

### SIXTH AFFIRMATIVE DEFENSE

Display Technologies cannot recover any damages from BLU for alleged infringement of the patent-in-suit, and/or the claims of the patent-in-suit are unenforceable, in whole or in part, by the doctrines of laches, estoppel, and/or waiver. On information and belief, Display Technologies and/or its predecessors or affiliates were aware of BLU allegedly infringing products well before filing this action and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted due to laches. Such delay was unreasonably long and prejudicial to BLU.

### SEVENTH AFFIRMATIVE DEFENSE

Display Technologies's claims for injunctive relief are barred because Display Technologies is not competing with BLU, Display Technologies is not practicing the alleged inventions of the patent-in-suit, Display Technologies has not suffered irreparable harm, and Display Technologies has an adequate remedy at law (to the extent it is entitled to any remedy, which BLU denies).

### EIGHTH AFFIRMATIVE DEFENSE

Display Technologies is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of BLU, which is prerequisite for a finding of willfulness and an award of enhanced damages.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 286, Display Technologies may not recover money damages for any alleged infringement occurring more than six years prior to the filing of the case. Also, because Display Technologies (and any predecessors in interest) failed to comply with the notice provisions of 35 U.S.C. § 287, Display Technologies may not recover damages for any purported infringement occurring prior to filing of this case. Moreover, Display Technologies's recovery of costs is barred by 35 U.S.C. § 288.

Respectfully submitted,

*s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
Isaac S. Lew (Florida Bar No. 92833)
ilew@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 4th day of April, 2017, on all counsel of record on the service list below.

*s/ Bernard L. Egozi*
Bernard L. Egozi

**Service List**

**Thomas C. Wright, Ph.D., Esq.**
twright@cunninghamswaim.com
**Alex J. Whitman, Esq.**
awhitman@cunninghamswaim.com

CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75231
Telephone: (214) 646-1495

*Counsel for Plaintiff*